STEVENSON, J.
This is an appeal of an order dismissing a minor’s petition for judicial waiver of parental notice of termination of pregnancy pursuant to Florida Statutes section 390.01114 (2008). The trial court dismissed the petition on the basis that it fell *722 “outside of the statute as the minor child’s parent is aware of the pregnancy.” We reverse.
Section 390.01114 is known as the “Parental Notice of Abortion Act” and generally requires that a physician give notice to the parents of a pregnant minor prior to the inducement or performance of a termination of the pregnancy. A minor may petition the circuit court for a waiver of the notice requirements. See § 390.01114(4), Fla. Stat. The statute provides that “[i]f the court finds, by clear and convincing evidence, that the minor is sufficiently mature to decide whether to terminate her pregnancy, the court shall issue an order authorizing the minor to consent to the performance or inducement of a termination of pregnancy without the notification of a parent or guardian.” § 390.01114(4)(c) (emphasis added). The statute further provides that in cases where there has been child or sexual abuse by one or both parents, or where the court otherwise finds that notification of the parent or guardian is not in the best interest of the minor, the court “shall” issue an order waiving the parental notification requirements. § 390.01114(4)(d). In cases where the court does not make the findings specified above in section 390.01114(4)(c) or (d), it must dismiss the petition.
In the instant case, we reverse the dismissal as we see no basis for the trial court’s conclusion that the parent’s knowledge of the minor’s pregnancy precludes application of the act. The statute is primarily concerned not with parental notice of the pregnancy but with parental notice of the termination of the pregnancy. The pertinent issue for resolution by the trial court is whether the parents should be given notice of the proposed termination of the minor’s pregnancy according to the specified statutory criteria. The statutory scheme does not require consideration of the parents’ pre-existing knowledge, or lack thereof, of the minor’s pregnancy.
We reverse the dismissal with directions that the trial court consider the merits of the petition and make an expeditious ruling thereon in compliance with the procedural and substantive requirements of section 390.01114. We note that the record on appeal reflects that the trial court has appointed the Office of Criminal Conflict and Civil Regional Counsel for the Fourth District to represent the minor.

Reversed and remanded.

TAYLOR and HAZOURI, JJ., concur.